IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHNNY TORRES, # 51425-019          *
                                     *
    Petitioner                   *
                                     *
    v                            *   Civil Action No.  DKC-13-2611
                                     *
TIMOTHY S. STEWARD                   *
                                     *
    Respondent                   *
                                   ***

**MEMORANDUM OPINION**

Pending is Johnny Torres' "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and § 2255(e)" challenging his sentence imposed by the United States District Court for the Northern District of Georgia based on the Supreme Court's recent ruling in *Alleyne v. United States*, _U.S. _, 133 S. Ct. 2151, 2155 (June 7, 2013) (ruling that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury"). Torres has also filed a Motion to Appoint Counsel. (ECF No. 1).

Torres, who is presently an inmate at the Federal Correctional Institution in Cumberland, Maryland, was found guilty of conspiracy to distribute narcotics and narcotics trafficking, and is serving 360 months incarceration.[1] *See United States v. Torres*, Criminal Case 99-186-05 (N.D. Ga. 2001). On October 2, 2003, Torres filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct which was denied on April 16, 2004. *See Torres v. United States*, Civil Case No. 03-3114 (N.D. Ga. 2004). Torres does not have any criminal judgments in the District of Maryland.

---

[1] *See* https://ecf.gand.uscourts.gov/doc1/0551505349.

**DISCUSSION**

A Motion to Vacate, Set Aside or Correct Sentence challenges the validity of a judgment or sentence and is properly brought in the court which imposed the sentence. *See* 28 U.S.C. § 2255 ("A prisoner in custody… claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255.").

A petition for a writ of habeas corpus under 28 U.S.C § 2241 attacks the manner or execution of a sentence. *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). Generally, a petitioner's custodian is the proper respondent in a § 2241 petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge.").

Where a § 2255 motion is "inadequate or ineffective to test the legality of his detention," a federal prisoner challenging a federal conviction or sentence may seek relief pursuant to 28 U.S.C. § 2241.[2] *See* 28 U.S.C. § 2255; *In re Vial*, 115 F.3d at 1194. An inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation and internal quotation marks omitted). Section 2255 is inadequate and ineffective to test the legality of a conviction when: 1) at the time

---
[2] This exception is known as "the savings clause." *In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Torres provides no grounds to suggest his case satisfies this test. The remedy provided under § 2255 is neither rendered inadequate nor ineffective merely because the limitations period has expired or a petitioner is unable to satisfy the requirements for filing a second or successive § 2255 motion. *See In re Vial,* 115 F.3d at 1194 n. 5 (4th Cir. 1997).

Torres is clearly challenging the validity of his sentence, and his claims are properly brought pursuant to § 2255 in the judicial district where his sentence was imposed.[3] Accordingly, the Petition will be dismissed without prejudice.[4]

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a Certificate of Appealability because Torres has not made a substantial showing of a

---

[3] On July 3, 2013, Torres filed a paper titled "Permission to File New Section 2255 Motion Attacking Sentence" in the United States District Court for the Northern District of Georgia. The submission was forwarded to the United States Court of Appeals for the Eleventh Circuit. *See* https://ecf.gand.uscourts.gov/cgi-bin/DktRpt.pl?275028846175078-L_1_0-1. A district court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals *and* found to contain newly discovered evidence bearing on the innocence of the movant, or "a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Petitioner may contact the United States Court of Appeals for the Eleventh Circuit at 56 Forsyth Street, NW, Atlanta, Georgia 30303.

[4] The United States Court of Appeals for the Seventh Circuit, the sole appellate court to address the issue to date, has ruled that *Alleyne* establishes a new rule of law, but that law was not made retroactively applicable by the Supreme Court to cases on collateral review. *See Simpson v. United States*, __F.3d __, 2013 WL 3455876 (7th Cir. July 10, 2013) (citing *Dodd v. United States*, 545 U.S. 353 (2005) (holding that the declaration of retroactivity must come from the Supreme Court)). District courts have ruled similarly. *See e.g. Fredricksen v. United States,* 2013 WL 4776314 (S.D. Ala. September 5, 2013); *Muhammad v. Purdue*, 2013 W.L. 4508870(N.D. W.Va. August 30, 2013); *United States v. Condra*, 2013 W.L.4678165 (W.D. Va. August 13, 2013); *Scott v. United States*, 2013 WL 4077546, (S.D.Ga. August 12, 2013);*United States v. Eziolisa*, 2013 WL 3812087 (S.D. Ohio July 22, 2013).

denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

## CONCLUSION

For these reasons, the court will dismiss the Petition without prejudice for lack of jurisdiction, dismiss the Motion for Leave to Proceed in Forma Pauperis as moot, and decline to issue a Certificate of Appealability in a separate Order which follows.

  September 12, 2013                             _____/s/_____
Date                                                  DEBORAH K. CHASANOW
                                                             United States District Judge